UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradley Todd, *aka* Leamon Bradley Todd, | ) C/A No. 3:05-2107-MBS-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Venus Enterprises;<br>CIA;<br>NASA; and<br>United States of America, | ) |
| Defendants. | ) |

The *pro se* plaintiff, Leamon Bradley Todd ("Plaintiff"), files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names two federal agencies, the Central Intelligence Agency ("CIA") and National Aeronautics and Space Administration ("NASA"), as defendants, as well as the United States of America and a private company.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and has been conducted in light of the following precedents: <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is required to liberally construe *pro se* documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 9 (1980) (*per curiam*). However, even when considered under this less stringent standard, this complaint is subject to summary dismissal.

Plaintiff's claims that the cited government agencies were involved in the theft



of his business and that the federal government is responsible for personal injury to him are subject to summary dismissal based on sovereign immunity and the Plaintiff's failure to comply with the requirements of the Federal Tort Claims Act ("FTCA"), while Plaintiff's claims involving a business he founded are duplicate to the claims Plaintiff filed in a prior case, Bradley Todd v. NASA, et al., C/A No. 3:05-922-MBS, currently pending in this Court.[1] While a Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Plaintiff is currently confined in a residential care facility, which is under contract to the South Carolina Department of Mental Health. The complaint states verbatim:

> I feel John Brady Code Delta Bravo, NASA, + Officer Mentor shared my business name, VE, with CIA; whom I suspect stole VE from me + institutionalized me in order to retain my business. I have sent complete details to your court, previously! [Since 1987!] I also would like to sue the U.S.A. for $2,000,000.00 for the swollen gut, I have from Zyaprexa! I also expect the U.S.A., pay all Hospital bills at G. Werber Bryan Hospital, Columbia, SC + State Hospital, Cola, SC. For being responsible! I also wish to sue the U.S. Copyright Office for $2,000,000.00 for Deletion of my Copyrights for VE. VE © 88. I'm not privy to the copier here.

As noted, Plaintiff's claims concerning allegations of theft of his business and

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); See also United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F2d 716 (4th Cir. 1949).



deletion of copyrights are duplicate claims Plaintiff raised in his prior case, Bradley Todd v. NASA, et al., C/A No. 3:05-922-MBS, which is currently pending in this Court.  Plaintiff's claims in the above-captioned case are subject to dismissal for the same reasons (sovereign immunity and failure to comply with the requirements of the Federal Tort Claims Act) as stated in the  report and recommendation submitted in that prior case. *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.); *see also* United States v. Parker, *supra*.

Further, as the prior Report and Recommendation points out, a court may exercise subject matter jurisdiction over an action in tort against the United Sates only if the United States has waived sovereign immunity.  Federal agencies, such as the CIA, NASA and the Copyright Office[2], are also protected from suit by sovereign immunity. *See* Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Perkins v. United States, 55F.3d 910, 913 (4th Cir. 1995). While the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2674-2680, waives sovereign immunity under specific conditions, allowing suits against the United States for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope... of employment; " 28 U.S.C. § 1346(b);  Plaintiff makes no allegations that federal employees, acting within the scope of their employment, caused Plaintiff personal injury.  The complaint also makes no allegations that Plaintiff has followed the administrative requirements of the FTCA prior to bringing this lawsuit.  An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2 and

---

[2] Although not a named defendant, the complaint mentions the U. S. Copyright Office.



28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986), which is cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000). As a result, this Court does not have jurisdiction over any claims intended to be asserted under the FTCA in this case.

The complaint also asserts a claim against "the U.S.A. for $2,000,000.00 for the swollen gut, I have from Zyaprexa!" However, the complaint contains no further details, and therefore fails to state a claim. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements in order to state a claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); *see also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Even if amended to provide further allegations, a claim for personal injury caused by the government must allege action by governmental employees acting within the scope of their employment, *see* 28 U.S.C. § 1346(b), and must comply with the administrative procedures of the FTCA. The complaint makes no allegations that Plaintiff has followed the requirements of the FTCA, which are a prerequisite to bringing an action in this Court under the FTCA. *See* 28 U.S.C. § 2675; and United States v. Kubrick, 444 U.S. 111, 117-118 (1979). Nor has he named as Defendants any individual government employees who may be subject to suit under 42 U.S.C. § 1983.

As for Venus Enterprises, according to Plaintiff's prior case, Bradley Todd v. NASA, et



4

al., C/A No. 3:05-922-MBS, this Defendant is the business Plaintiff claims to have founded, and which the defendants are alleged to have appropriated. However, Plaintiff makes no allegations against this Defendant, nor is any claim stated against this defendant.

Finally, because 28 U.S.C. § 2401(b) provides that a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," it would be fruitless for the Plaintiff to attempt to file a FTCA claim concerning actions allegedly taken in 1988, as the Plaintiff is barred from bringing such claims in this Court. Therefore, Plaintiff's claims alleging federal agencies conspired to have Plaintiff committed to a mental institution, and had his copyrights "deleted" so the federal agencies could acquire ownership of Plaintiff's "business name," Venus Enterprises, should be dismissed **with prejudice**.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

August 26, 2005
Columbia, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
